■ FLOR BARRIOS, Respondent, v CITY OF NEW YORK, Respondent, and SKANSKA USA BUILDING, INC., Appellant, et al., Defendant. (Action No. 1.) FLOR BARRIOS, Respondent, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Respondent, and BARNEY SKANSKA, INC., et al., Appellants. (Action No. 2.) [905 NYS2d 255]—

In two related actions to recover damages for personal injuries, the defendants Skanska USA Building, Inc., Barney Skanska, Inc., and Barney Skanska Construction Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated October 28, 2008, as granted that branch of the plaintiff's motion which was for summary judgment against them in both actions on the issue of liability on her Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendants Skanska USA Building, Inc., Barney Skanska, Inc., and Barney Skanska Construction Company (hereinafter collectively Skanska), contend that the Supreme Court improperly granted that branch of the plaintiff's motion which was for summary judgment against them in both actions on the issue of liability on her Labor Law § 240 (1) cause of action because Skanska was a separate prime contractor not in contractual privity with the plaintiff's employer, and because Skanska was a construction manager. We disagree.

As a general rule, a separate prime contractor is not liable under Labor Law §§ 240 or 241 for injuries caused to the employees of other contractors with whom they are not in privity of contract, so long as the contractor has not been delegated the authority to oversee and control the activities of the injured worker (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Aversano v JWH Contr., LLC, 37 AD3d 745 [2007]). However, where a separate prime contractor has been delegated the authority to supervise and control the plaintiff's work, the contractor "becomes a statutory 'agent' of the owner or general contractor" (Russin v Louis N. Picciano & Son, 54 NY2d at 318; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). Here, although Skanska was not in contractual privity with the plaintiff's employer, the record establishes that Skanska had been delegated a significant degree of authority to supervise and oversee on-site safety matters. Skanska's contract with the site developer, the New York City Economic Development Corporation (hereinafter NYCEDC), required it, inter alia, to inspect the site and report safety issues to the resident engineer and NYCEDC, to develop a quality control plan taking

into account "safety aspects" of the work to be performed, and to meet with contractors and discuss their individually developed safety plans for compliance with, among other things, state law. Further, a project manager for Skanska testified at his deposition that Skanska employed safety officers who had the authority to bring safety concerns to the attention of the individual contractors' foremen. Under these circumstances, we find that Skanska was a statutory agent of the owner, and was therefore liable for the plaintiff's injury under Labor Law § 240 (1) (*see Walls v Turner Constr. Co.*, 4 NY3d at 864).

We also reject Skanska's contention that it is not a responsible party under Labor Law § 240 (1) because it was a "construction manager" and not a "general contractor." "The label of construction manager versus general contractor is not necessarily determinative" (*Walls v Turner Constr. Co.*, 4 NY3d at 864; *see Tomyuk v Junefield Assoc.*, 57 AD3d 518, 520 [2008]; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 491, 493 [2007]). Rather, the critical question is whether the construction manager was delegated supervisory control and authority over the work being done when the plaintiff was injured (*see Walls v Turner Constr. Co.*, 4 NY3d at 863-864). As previously discussed, Skanska was delegated supervisory authority by the NYCEDC to oversee and control the work of the various on-site contractors, particularly with respect to safety issues. Accordingly, under the facts of this case, Skanska's title of "construction manager" does not relieve it from the duties imposed by Labor Law § 240 (1) (*see Tomyuk v Junefield Assoc.*, 57 AD3d at 520; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d at 493).

We decline to search the record and award Skanska summary judgment dismissing the cross claims of the defendants City of New York in action No. 1 and New York City Economic Development Corporation in action No. 2 for contractual and common-law indemnification against them as requested in its brief.

The parties' remaining contentions are without merit or not properly before this Court. Mastro, J.P., Covello, Belen and Hall, JJ., concur. **[Prior Case History: 21 Misc 3d 1139(A), 2008 NY Slip Op 52427(U).]**