■ PHILIP GALLAGHER et al., Respondents-Appellants, v SCOTT N. RESNICK, Defendant, and S. DONADIC, INC., et al., Appellants-Respondents. [968 NYS2d 151]—

In an action to recover damages for personal injuries, etc., the defendant S. Donadic, Inc., appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 27, 2012, as denied those branches of its cross motion which were for summary judgment dismissing so much of the complaint and cross claims as alleged violations of Labor Law § 200 and common-law negligence insofar as asserted against it, the defendant Coffey Contracting, Inc., separately appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as (a) denied their motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendants S. Donadic, Inc., and Coffey Contracting, Inc., (b) granted that branch of the cross motion of the defendant S. Donadic, Inc., which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it, and (c) granted that branch of the cross motion of the defendant Coffey Contracting, Inc., which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the plaintiffs' motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendants S. Donadic, Inc., and Coffey Contracting, Inc., is granted, and that branch of the cross motion of the defendant S. Donadic, Inc., which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it, and that branch of the cross motion of the defendant Coffey Contracting, Inc., which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant S. Donadic, Inc. (hereinafter Donadic), was hired by the defendant Scott N. Resnick to renovate his Manhattan brownstone. Donadic hired the defendant Coffey Contracting, Inc. (hereinafter Coffey Contracting), to work on the masonry of the building. Coffey Contracting hired Townhouse Restorations, Inc. (hereinafter Townhouse), owned by the plaintiffs, to fabricate sills, lintels, and coping stones for the project. Part of the job of fabricating these materials included the plaintiff Philip Gallagher (hereinafter the injured plaintiff) going to the work site and taking measurements prior to the fabrication. The sills, lintels, and coping stones were fabricated at Townhouse's Brooklyn workshop.

On April 23, 2009, the injured plaintiff came to the work site to take measurements in preparation for fabricating coping stones for the roof of the building. He fell from the roof to a terrace approximately 10 to 12 feet below, and allegedly suffered traumatic brain injury, resulting in a total loss of memory of the accident. The injured plaintiff, and his wife suing derivatively, commenced this action, alleging, inter alia, violations of Labor Law §§ 200, 240 (1), 241 (6) and common-law negligence. The plaintiffs moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). Donadic and Coffey Contracting separately cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court found that the injured plaintiff was not covered by Labor Law §§ 240 (1) and 241 (6), and that Coffey Contracting was not an agent pursuant to Labor Law §§ 240 (1) and 241 (6). The court denied the plaintiffs' motion. The court awarded summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 200, 240 (1) and 241 (6) insofar

as asserted against Coffey Contracting, and so much of the complaint as alleged violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against Donadic. On appeal, the plaintiffs do not challenge the court's granting of those branches of Donadic's and Coffey Contracting's cross motions which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law § 241 (6) insofar as asserted against each of them and that branch of Coffey Contracting's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against it.

To invoke the protections afforded by Labor Law § 240 (1), a " 'plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent,' " to work at the site (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). Moreover, the plaintiff must have, at the time of the accident, been engaged in a "covered activity" under the statute (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 880-881 [2003]). "Section 240 is intended to place the ultimate responsibility for building practices on the owner and general contractor in order to protect the workers who are required to be there but who are scarcely in a position to protect themselves from accidents," and it is to be liberally construed to achieve this purpose (*see Lombardi v Stout*, 80 NY2d 290, 296 [1992]). Here, Townhouse had been hired to fabricate sills, lintels, and coping stones to be used in the construction of the subject building. Part of that job included going to the work site and climbing to the roof of the building to take measurements in preparation for the fabrication. Thus, the injured plaintiff was performing a task ancillary to the construction work and was engaged in a "covered activity" within the meaning of Labor Law § 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]). Accordingly, the Supreme Court erred in granting those branches of the cross motions of Donadic and Coffey Contracting which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against each of them.

The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged that the Donadic and Coffey Contracting violated Labor Law § 240 (1) through the submission of the deposition testimony of the owner of Coffey

Contracting and the deposition testimony of an employee of Donadic, which demonstrated that no safety devices were present on the site for the work being performed, and that this failure was a proximate cause of the injured plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Inga v EBS N. Hills, LLC*, 69 AD3d 568, 569-570 [2010]). The fact that the accident was not witnessed does not preclude an award of summary judgment to the plaintiffs (*see Klein v City of New York*, 89 NY2d at 834-835; *Inga v EBS N. Hills, LLC*, 69 AD3d at 569-570; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]). In opposition, Donadic and Coffey Contracting failed to raise a triable issue of fact. Additionally, contrary to Coffey Contracting's contention, it is liable under Labor Law § 240 (1) as a statutory agent of the owner or general contractor, since it had the authority to supervise and control the particular work in which the injured plaintiff was engaged at the time of his injury (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Inga v EBS N. Hills, LLC*, 69 AD3d at 570; *Miller v Yeshiva Zichron Mayir Gedola*, 44 AD3d 1017 [2007]; *Taeschner v M & M Restorations*, 295 AD2d 598, 600 [2002]). Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against Donadic and Coffey Contracting.

To be held liable pursuant to Labor Law § 200 in a case such as this, where the claim arises out of the methods or means of the work, a defendant must have authority to supervise or control the work (*see Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 644 [2011]; *Rodriguez v Gany*, 82 AD3d 863, 865 [2011]; *Rojas v Schwartz*, 74 AD3d 1046 [2010]; *Ortega v Puccia*, 57 AD3d 54 [2008]). Here, Donadic failed to establish its prima facie entitlement to judgment as a matter of law, as there is a triable issue of fact as to whether it had the authority to supervise or control the injured plaintiff's work. Accordingly, the Supreme Court properly denied that branch of Donadic's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against it (*see Acosta v Hadjigavriel*, 18 AD3d 406, 407 [2005]). The Supreme Court also properly denied those branches of the separate cross motions of Donadic and Coffey Contracting which were for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against each of them (*see Szczepanski v Dandrea Constr. Corp.*, 90 AD3d at 644; *Rodriguez v Gany*, 82

AD3d at 863; *Ortega v Puccia*, 57 AD3d at 63). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.