■ EGBERT MYLES, Appellant, v CRAIG CLAXTON, Defendant, and VINTAGE PROJECTS, INC., Respondent. (And a Third-Party Action). [981 NYS2d 447]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated March 6, 2012, as denied that branch of his motion which was for summary judgment on his cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Vintage Projects, Inc., and granted those branches of the cross motion of the defendant Vintage Projects, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of nonparty Delfino Insulation Co., Inc. (hereinafter Delfino), allegedly was injured when he fell from an unsecured ladder while installing insulation in the ceiling of a newly constructed single-family home. The owner of the home, the defendant Craig Claxton, had contracted with the defendant Vintage Projects, Inc. (hereinafter Vintage), for Vintage to act as the construction manager of the project. The plaintiff's employer, Delfino, had contracted directly with Claxton and was not a party to any contract with Vintage. The plaintiff commenced this action against Claxton and Vintage alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). After discovery was completed, the plaintiff moved, inter alia, for summary judgment against Vintage on his cause of action alleging a violation of Labor Law § 240 (1). Vintage cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it. The Supreme Court denied that branch of the plaintiff's motion and granted those branches of Vintage's cross motion. The plaintiff appeals.

A construction manager without authority to control the activity which brought about the plaintiff's injury is not considered an agent of the owner under Labor Law §§ 240 (1) and 241 (6) (see Walls v Turner Constr. Co., 4 NY3d 861, 863 [2005]; Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 950-951 [2011]; Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493 [2007]). The label given a defendant, whether "construction manager" or "general contractor," is not determinative (see Walls v Turner Constr. Co., 4 NY3d at 864; Tilford v Sweet Home Real Prop. Trust, 40 AD3d 966, 966 [2007]; Aranda v Park E. Constr., 4 AD3d 315, 316 [2004]). Instead, the core inquiry is whether the defendant had the "authority to supervise or control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Rodriguez v JMB Architecture, LLC, 82 AD3d at 951; see Delahaye v Saint Anns School, 40 AD3d 679, 683 [2007]).

Here, in support of its cross motion, Vintage submitted evidence establishing, prima facie, that it lacked the requisite authority. That evidence included Vintage's contract with Claxton, which provided that Vintage would not have "control over or charge of and shall not be responsible for construction means, methods, techniques, sequences, or procedures" of the contractors on the project (see Delahaye v Saint Anns School, 40 AD3d at 683). Additionally, the deposition testimony of the plaintiff himself, as well as that of Vintage's principal, showed that, consistent with the contract, Vintage did not, in fact,

exercise any such control (*see id.*; *Aversano v JWH Contr., LLC*, 37 AD3d 745, 746-747 [2007]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Delahaye v Saint Anns School*, 40 AD3d at 683; *cf. Gonnerman v Huddleston*, 48 AD3d 516, 517 [2008]). Accordingly, the Supreme Court properly granted those branches of Vintage's cross motion which were for summary judgment dismissing the causes of action asserting violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Vintage. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.