Lemus v New York B Realty Corp. (2020 NY Slip Op 04933)





Lemus v New York B Realty Corp.


2020 NY Slip Op 04933


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-08701
 (Index No. 708896/15)

[*1]Catalino Lemus, appellant,
v
New York B Realty Corp., respondent.


Block O'Toole & Murphy, New York, NY (Christina R. Mercado of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 8, 2019. The judgment, insofar as appealed from, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case on the issue of liability, for judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1), is in favor of the defendant and against the plaintiff dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
At a trial on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), the plaintiff presented evidence that while employed as a worker on a construction site, he was instructed to maneuver 20-foot steel beams, weighing between approximately 600 and 1,000 pounds, using a metal tool to grab the beams and rotate them, so that the bolt holes on the beams were lined up to one another. As he was rotating one of the beams, he could no longer sustain its weight, and the tool he was using flew back into his face, causing him to sustain serious injuries. At the close of the plaintiff's case, the Supreme Court granted the motion of the defendant, the owner of the building under construction, pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240(1) cause of action. The plaintiff appeals.
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party (see, Blum v Fresh Grown Preserve Corp., 292 NY 241). In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556).
Labor Law § 240(1) imposes absolute liability on building owners and contractors whose "failure to provide workers with adequate protection from reasonably preventable, gravity-[*2]related accidents" proximately causes injury to a worker on a construction site (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). The statute does not apply to any and all perils connected in some tangential way with the effects of gravity, but rather only applies where the plaintiff's injuries result from an elevation-related risk and the inadequacy of a safety device (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97). In determining the applicability of the statute, "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
We agree with the Supreme Court that the plaintiff's injuries in this case did not involve the kind of elevation-related risk contemplated by Labor Law § 240(1). The plaintiff and the steel beams he was rotating were at ground level, and the work he was performing did not call for the use of the protective devices mentioned in the statute in order to prevent elevation-related risks (see Toefer v Long Is. R.R., 4 NY3d 399, 408). Accordingly, we agree with the court's determination to grant the defendant's motion for judgment as a matter of law dismissing the Labor Law § 240(1) cause of action.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court