Yong Qiao Zhao v A.T.C. Constr. Group Corp. (2021 NY Slip Op 00204)





Yong Qiao Zhao v A.T.C. Constr. Group Corp.


2021 NY Slip Op 00204


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-03790
 (Index No. 511746/14)

[*1]Yong Qiao Zhao, appellant, 
v
A.T.C. Construction Group Corp., et al., respondents, et al., defendant.


Ross Legan Rosenberg Zelen & Flaks, LLP, New York, NY (Michael A. Flaks of counsel), for appellant.
Rubin, Fiorella, Friedman & Mercante, LLP, New York, NY (Leila Cardo of counsel), for respondent 237 Henry Street Realty, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 14, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant 237 Henry Street Realty, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants 237 Henry Street Realty, LLC, and A.T.C. Construction Group Corp.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was hired by the defendant A.T.C. Construction Group Corp. (hereinafter A.T.C.) to perform renovation work in connection with a construction project at 225 Rector Place, in Manhattan. After completing the work, the plaintiff traveled to a dumpster located on a public street in front of 237 Henry Street, where A.T.C. was performing an unrelated project for the defendant 237 Henry Street Realty, LLC (hereinafter 237 Henry), in order to dump construction debris from the construction project at 225 Rector Place. He was injured when he fell from a ladder while disposing of debris in the dumpster, and he subsequently commenced this action against, among others, 237 Henry and A.T.C. Following discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 237 Henry and A.T.C., and 237 Henry moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. In an order dated February 14, 2019, the Supreme Court, among other things, denied the plaintiff's motion and granted that branch of 237 Henry's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of 237 Henry's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. "[I]n order to invoke the protections [*2]afforded by the Labor Law and to come within the special class [of workers] for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [citations and internal quotation marks omitted]; see Daeira v Genting N.Y., LLC, 173 AD3d 831, 834; Gallagher v Resnick, 107 AD3d 942, 944). "[O]wnership of the premises where the accident occurred, standing alone, is insufficient to impose liability under Labor Law section 240(1) on an out-of-possession property owner who does not contract for the injury-producing work. Rather, the prerequisite to the imposition of liability upon such an owner is 'some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest'" (Custer v Jordan, 107 AD3d 1555, 1557, quoting Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51).
Here, 237 Henry established its prima facie entitlement to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it by submitting evidence demonstrating that the plaintiff performed work exclusively at the 225 Rector Place address and was never hired by any entity to perform any work at the 237 Henry Street address. Indeed, he was not permitted or suffered by 237 Henry to perform any work on its behalf, and 237 Henry did not own the 225 Rector Place location or contract for the performance of any work at that location. In short, the was no nexus between 237 Henry and the plaintiff. The plaintiff failed to raise a triable issue of fact in opposition to the prima facie showing of 237 Henry.
Additionally, in view of the foregoing, the plaintiff failed to establish his prima facie entitlement to summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 237 Henry. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion, and granted that branch of 237 Henry's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
Finally, we agree with the Supreme Court's determination that the existence of questions of fact warranted the denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against A.T.C. (see e.g. Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666; Lozada v St. Patrick's RC Church, 174 AD3d 879).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court