Russo v Van Dale Props., LLC (2021 NY Slip Op 07343)





Russo v Van Dale Props., LLC


2021 NY Slip Op 07343


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

533415
[*1]Craig Russo, Respondent,
v
Van Dale Properties, LLC, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Brendan T. Fitzpatrick of Gerber Ciano Kelly Brady LLP, Garden City, of counsel), for appellant.
Dall Vechia & Kraft, PC, Kingston (John T. Dall Vechia of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cahill, J.), entered April 30, 2021 in Ulster County, which, among other things, granted plaintiff's motion for partial summary judgment.
Plaintiff, a machine equipment operator, commenced this action premised upon Labor Law §§ 200, 240 (1) and 240 (6) following an incident in which he was injured when an overhead door closed on him. The accident occurred on June 5, 2019 at plaintiff's workplace, which was leased from defendant by plaintiff's employer. Earlier that day, the door was damaged by one of plaintiff's coworkers who was lifting a piece of steel with a loader. Plaintiff and his coworkers realized at the end of their shift that the door would not close because of that damage, prompting them to discuss how to get it shut so that they could secure the building and go home. One of plaintiff's coworkers made an unsuccessful attempt to close the door by cutting a supporting cable that had come unspooled. Plaintiff, who was walking outside to pull on the cable in a further effort to dislodge the door, was then injured when one of his coworkers manipulated the door with a crowbar and caused the door to suddenly fall on him.
Following joinder of issue and discovery, plaintiff moved for summary judgment as to liability on his Labor Law § 240 (1) claim. Defendant cross-moved for summary judgment dismissing the complaint and argued, as is relevant here, that plaintiff was not a worker covered by Labor Law § 240 (1) and that he was engaged in maintenance, not the requisite repair, of the door. Supreme Court disagreed and granted plaintiff's motion, and defendant appeals.
We affirm. "[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a 'plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent," to do so (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [1990] [internal quotation marks and citations omitted]; see Labor Law §§ 2 [5], [7]; 240 [1]; Stringer v Musacchia, 11 NY3d 212, 215 [2008]; Hill v Country Club Acres, Inc., 134 AD3d 1267, 1267 [2015]). Notably, the fact that the defendant did not itself hire the plaintiff to perform any work is irrelevant, as "[a] property owner may be held liable for a violation of Labor Law § 240 (1) that proximately caused injury to a worker even where 'a tenant of the building contracted for the work without the owner's knowledge'" (Churaman v C & B Elec., Plumbing & Heating, Inc., 142 AD3d 485, 486 [2016], quoting Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 335 [2008]; see Coleman v City of New York, 91 NY2d 821, 822-823 [1997]; Gordon v Eastern Ry. Supply, 82 NY2d 555, 560 [1993]).
Plaintiff's work duties included helping his coworkers if needed and securing the building at the end [*2]of the day, and he was fulfilling those duties by attempting to fix the broken door enough so that it would close. Further, although defendant retained responsibility for many repairs when it leased the property, plaintiff's employer was empowered to make emergency repairs and was also responsible for those "made necessary by misuse or neglect by" either its "agents, servants, visitors or licensees." Plaintiff's employer accordingly had some obligation to repair the damage its employee had caused to the door and, indeed, later hired and paid the contractor who made permanent repairs to the door. Therefore, even accepting that questions of fact exist as to whether plaintiff and his coworkers were instructed to contact a supervisor about a problem with the overhead doors rather than attempting to address the issue on their own, "we nevertheless conclude that plaintiff was an employee working for his employer, rather than a mere volunteer, while performing that work" (Boncore v Temple Beth Zion, 299 AD2d 953, 954 [2002]; see Rast v Wachs Rome Dev., LLC, 94 AD3d 1471, 1472-1473 [2012]; Calaway v Metro Roofing & Sheet Metal Works, 284 AD2d 285, 285-286 [2001]; Vernum v Zilka, 241 AD2d 885, 886-887 [1997]; Lawyer v Rotterdam Ventures, 204 AD2d 878, 879-880 [1994], lv dismissed 84 NY2d 864 [1994]; cf. Bolster v Eastern Bldg. & Restoration, Inc., 96 AD3d 1123, 1124 [2012]; Chapman v IBM Corp., 233 AD2d 585, 586-587 [1996]).
Next, " [i]t is settled that 'repairs' implicate Labor Law § 240 (1) liability whereas 'routine maintenance' does not," although distinguishing between the two is "frequently a close, fact-driven issue" (Pakenham v Westmere Realty, LLC, 58 AD3d 986, 987 [2009]; see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 675 [2020]). It is not close here, however, where it is undisputed that the door had been so damaged by an accident earlier that day that plaintiff and his coworkers were unable to close it in the normal fashion and had to manipulate the door in an effort to close it and secure the building. Those are "hardly the type of circumstances encountered if engaged in a 'routine' round of maintenance" (Pakenham v Westmere Realty, LLC, 58 AD3d at 987), and confirm that plaintiff and his coworkers were attempting to make emergency repairs to a "door [that] would not function properly" without them (Shapiro v ACG Equity Assoc., 233 AD2d 857, 857 [1996]; see Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1282-1283 [2015]; Dean v City of Utica, 75 AD3d 1130, 1131 [2010]; Riccio v NHT Owners, LLC, 51 AD3d 897, 898-899 [2008]; Lofaso v J.P. Murphy Assoc., 37 AD3d 769, 771 [2007]). Plaintiff was therefore engaged in an activity protected by Labor Law § 240 (1) and, given the lack of dispute that a safety device should have been used to prevent the door from falling while it was being repaired and that the absence of that device was the proximate cause of his injuries, Supreme Court properly granted his motion for summary judgment as to [*3]liability on that claim (see Williams v Town of Pittstown, 100 AD3d 1250, 1251-1252 [2012]; Jock v Landmark Healthcare Facilities, LLC, 62 AD3d 1070, 1071-1072 [2009]).
In view of the foregoing, defendant's arguments regarding plaintiff's other causes of action are academic (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]; Yost v Quartararo, 64 AD3d 1073, 1075 [2009]).
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.