HSBC Bank USA, N.A. v Chapman (2022 NY Slip Op 05844)

HSBC Bank USA, N.A. v Chapman

2022 NY Slip Op 05844

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-13125
 (Index No. 12070/08)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Donmack Chapman, et al., defendants, 1109 Jefferson Ave Realty Corp., respondent.

Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete of counsel), for appellant.
Tsyngauz & Associates, P.C., New York, NY (Matthew C. Schwartz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 15, 2019. The order denied the plaintiff's motion for leave to renew its prior motion to vacate an order of the same court dated October 8, 2013, directing dismissal of the complaint, and to restore the action to the active calendar, which had been denied in an order of the same court dated January 24, 2019.
ORDERED that the order dated August 15, 2019, is affirmed, with costs.
In 2008, the plaintiff commenced this action to foreclose a mortgage securing real property located in Brooklyn. In an order dated October 8, 2013 (hereinafter the October 2013 dismissal order), the Supreme Court directed dismissal of the action without prejudice upon the plaintiff's failure to appear for a scheduled status conference that day. Thereafter, the plaintiff moved to vacate the October 2013 dismissal order and to restore the action to the active calendar. By order dated March 1, 2018 (hereinafter the March 2018 order), the court, inter alia, granted the plaintiff's motion, vacated the October 2013 dismissal order, and restored the action to the active calendar.
Subsequently, by notice of cross motion dated April 26, 2018, the defendant 1109 Jefferson Ave Realty Corp. (hereinafter the defendant) moved for leave to intervene as a defendant in the action and, thereupon, to vacate the March 2018 order. In an order dated August 8, 2018, the Supreme Court, among other things, granted that branch of the defendant's cross motion which was for leave to intervene, and, in effect, reserved decision on that branch of the defendant's cross motion which was to vacate the March 2018 order, and directed the parties to appear for oral argument. The court also permitted the plaintiff, in effect, to supplement its prior motion, inter alia, to vacate the October 2013 dismissal order on the issue of whether it had demonstrated a reasonable excuse for its default in appearing at the scheduled status conference in 2013. Following oral argument, in an order dated January 24, 2019, the court, among other things, granted that branch of the defendant's cross motion which was to vacate the March 2018 order, and, in effect, denied the plaintiff's prior motion, inter alia, to vacate the October 2013 dismissal order.
By notice of motion dated March 5, 2019, the plaintiff moved for leave to renew its prior motion to vacate the October 2013 dismissal order and to restore the action to the active calendar. In an order dated August 15, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the August 15, 2019 order.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew its prior motion, among other things, to vacate the October 2013 dismissal order. "'A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773, quoting Robinson v Viani, 140 AD3d 845, 848 [internal quotation marks omitted]; see CPLR 2221[e][2], [3]). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 773-774, quoting Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 981 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 773-774; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 842, 842).
Here, the new evidence submitted by the plaintiff consisted of affidavits of two of its former attorneys. Although the affidavits of the former attorneys provided some facts surrounding the plaintiff's default in appearing at the scheduled status conference in 2013, the plaintiff provided no reasonable explanation for failing to present this evidence on its prior motion, including as part of its supplemental submission (see CPLR 2221[e][2]; HSBC Bank USA, N.A. v Nemorin, 167 AD3d 855, 856; Hernandez v Nwaishienyi, 148 AD3d 684, 687). There is nothing in the record to suggest that the affidavits could not have been obtained earlier through the exercise of due diligence (see Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d at 843; Hernandez v Nwaishienyi, 148 AD3d at 687).
The plaintiff further contends that this Court should exercise its discretion to reverse the order appealed from and to restore the action in the interest of justice. This issue could have been raised on an earlier appeal by the plaintiff from the order dated January 24, 2019, which appeal was dismissed for failure to perfect (see 22 NYCRR 1250.10[a]). "As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal that was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 954-955; see Bray v Cox, 38 NY2d 350, 353). Here, we decline to exercise our discretion to review this contention (see Stallings v City of New York, 82 AD3d 745, 745; Deutsche Bank Natl. Trust Co. v Matheson, 77 AD3d 883, 884).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court