Wilmington Sav. Fund Socy. FSB v Khandaker (2023 NY Slip Op 03042)

Wilmington Sav. Fund Socy. FSB v Khandaker

2023 NY Slip Op 03042

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01825
 (Index No. 26826/11)

[*1]Wilmington Savings Fund Society FSB, etc., appellant, 
v
Mohi U. Khandaker, respondent, et al., defendants.

Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), entered May 15, 2020. The order denied the plaintiff's motion for leave to renew its prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated March 21, 2018, directing dismissal of the complaint, and to restore the action to the active calendar, which had been denied in an order of the same court entered June 17, 2019.
ORDERED that the order entered May 15, 2020, is affirmed, without costs or disbursements.
In this action to foreclose a mortgage, by status conference order entered December 27, 2017, the Supreme Court directed the plaintiff to file an application for an order of reference by March 21, 2018, and warned that the failure to comply with the terms of the order may result in the dismissal of the complaint without prejudice. The plaintiff failed to seek an order of reference as directed, and the court directed dismissal of the complaint in an order dated March 21, 2018. In April 2019, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated March 21, 2018, and to restore the action to the active calendar. In an order entered June 17, 2019, the court denied the motion, determining, among other things, that the plaintiff failed to establish a reasonable excuse for failing to meet the March 21, 2018 deadline for filing an application for an order of reference.
In January 2020, the plaintiff moved for leave to renew its prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated March 21, 2018, and to restore the action to the active calendar. In an order entered May 15, 2020, the Supreme Court denied the motion. The plaintiff appeals, and we affirm.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020).
"[A] motion for leave to renew is not a second chance freely given to parties who [*2]have not exercised due diligence in making their first factual presentation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). "Indeed, the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (id.; see Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773, quoting Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769).
Here, the plaintiff's motion for leave to renew did not contain a reasonable justification for the failure to present the purported new facts on the prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated March 21, 2018, and to restore the action to the active calendar. Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew (see HSBC Bank USA, N.A. v Chapman, 209 AD3d 848, 849-850; Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 981).
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court