Weekes v Tishman Tech. Corp. (2025 NY Slip Op 02959)

Weekes v Tishman Tech. Corp.

2025 NY Slip Op 02959

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-04995 
2020-09349
 (Index No. 521701/16)

[*1]Samuel Weekes, appellant, 
v
Tishman Technologies Corporation, et al., respondents, et al., defendants.

Cellino Law LLP, New York, NY (Casey Fundaro of counsel), for appellant.
Pillinger Miller Tarallo, LLP (Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY [Christopher Simone], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 22, 2020, and (2) an order of the same court dated November 4, 2020. The order dated May 22, 2020, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation and granted those branches of the cross-motion of the defendants Tishman Technologies Corporation, Eagle Scaffolding Services, Inc., Rael Automatic Sprinkler Company, Inc., Atlantic Hoisting & Scaffolding, LLC, Olympic Plumbing & Heating Services, Inc., Greg Logistics, LLC, and Urban Foundation Engineering, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation. The order dated November 4, 2020, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation and his opposition to those branches of the cross-motion of the defendants Tishman Technologies Corporation, Eagle Scaffolding Services, Inc., Rael Automatic Sprinkler Company, Inc., Atlantic Hoisting & Scaffolding, LLC, Olympic Plumbing & Heating Services, Inc., Greg Logistics, LLC, and Urban Foundation Engineering, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation.
ORDERED that the order dated May 22, 2020, is modified, on the law, (1) by deleting the provision thereof granting those branches of the cross-motion of the defendants Tishman Technologies Corporation, Eagle Scaffolding Services, Inc., Rael Automatic Sprinkler Company, [*2]Inc., Atlantic Hoisting & Scaffolding, LLC, Olympic Plumbing & Heating Services, Inc., Greg Logistics, LLC, and Urban Foundation Engineering, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated November 4, 2020, as denied those branches of the plaintiff's motion which were for leave to renew his opposition to those branches of the cross-motion of the defendants Tishman Technologies Corporation, Eagle Scaffolding Services, Inc., Rael Automatic Sprinkler Company, Inc., Atlantic Hoisting & Scaffolding, LLC, Olympic Plumbing & Heating Services, Inc., Greg Logistics, LLC, and Urban Foundation Engineering, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against the defendant Tishman Technologies Corporation is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated May 22, 2020; and it is further,
ORDERED that the order dated November 4, 2020, is affirmed insofar as reviewed, without costs or disbursements.
The defendant Tishman Technologies Corporation (hereinafter Tishman) was the construction manager with respect to the construction of a building (hereinafter the project) on premises owned by New York City Department of Design and Construction (hereinafter DDC). The plaintiff was employed by AABCO Sheet Metal Co., Inc. (hereinafter AABCO), to perform work on the project's HVAC system. The plaintiff alleges that he was injured in the course of his employment when, while helping dismantle a Baker scaffold belonging to another tradesperson who had been performing separate work on a ceiling, a piece of the scaffold swung and fell on the plaintiff's head. The plaintiff commenced this personal injury action against Tishman, among others, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The plaintiff also asserted a cause of action alleging a violation of Labor Law § 241(6) predicated on alleged violations of various sections of the Industrial Code.
Before the completion of discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h), which requires that "[e]very scaffold shall be erected and removed under the supervision of a designated person." Tishman and the defendants Eagle Scaffolding Services, Inc., Rael Automatic Sprinkler Company, Inc., Atlantic Hoisting & Scaffolding, LLC, Olympic Plumbing & Heating Services, Inc., Greg Logistics, LLC, and Urban Foundation Engineering, LLC (hereinafter collectively the defendants), cross-moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against Tishman. By order dated May 22, 2020, the Supreme Court, among other things, denied those branches of the plaintiff's motion and granted those branches of the defendants' cross-motion. Thereafter, the plaintiff moved, inter alia, for leave to renew his prior motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against Tishman and his opposition to those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against Tishman. By order dated November 4, 2020, the court, among other things, denied that branch of the motion. The plaintiff appeals.
"A construction manager of a work site is generally not responsible for injuries under Labor Law . . . [§ ] 240(1) . . . or § 241(6) unless it functions as an agent of the property owner or general contractor in circumstances where it has the ability to control the activity which brought about the injury" (Lamar v Hill Intl., Inc., 153 AD3d 685, 686; see Walls v Turner Constr. Co., 4 NY3d 861, 862-863; Myles v Claxton, 115 AD3d 654, 655). "The label given a defendant, whether 'construction manager' or 'general contractor,' is not determinative" (Myles v Claxton, 115 AD3d at 655; see Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1232). "Instead, the core inquiry is whether the defendant had the 'authority to supervise or control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition'" (Myles v Claxton, 115 AD3d at 655, quoting Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 951; see Barrios v City of New York, 75 AD3d 517, 518-519; Tomyuk v Junefield Assoc., 57 AD3d 518, 520).
Here, in support of his motion for summary judgment, the plaintiff submitted the construction management services contract, which charged Tishman with, inter alia, enforcing subcontractors' compliance with safety requirements and taking precautions to minimize the risk of injuries. The contract further gave Tishman the right to choose the means and methods of construction. Although Tishman did not directly supervise or control the plaintiff's work, Tishman's safety manager for the project testified at his deposition that he was "in charge of safety at . . . [the] project full-time." In addition, a foreperson for another trade testified at his deposition that Tishman would correct other workers who were performing their work in an unsafe manner. Under these circumstances, Tishman was a statutory agent of DDC and was, therefore, potentially liable for the plaintiff's alleged injuries under Labor Law § 240(1) (see Barrios v City of New York, 75 AD3d at 518-519; Tomyuk v Junefield Assoc., 57 AD3d at 520).
Further, contrary to the Supreme Court's determination, the plaintiff was not acting as a volunteer when he sustained his injuries. "To invoke the protections afforded by Labor Law § 240(1), a plaintiff must demonstrate that he or she was both permitted or suffered to work on a building or structure and that he or she was hired by someone, be it owner, contractor or their agent, to work at the site" (Gallagher v Resnick, 107 AD3d 942, 944 [alterations and internal quotation marks omitted]; see Yong Qiao Zhao v A.T.C. Constr. Group Corp., 190 AD3d 788, 789). "The statute is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed, and should be construed with a commonsense approach to the realities of the workplace at issue" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 979-980 [citations and internal quotation marks omitted]; see Wheat v Town of Forestburgh, 223 AD3d 1134, 1135). Work that is ancillary or preparatory to a covered activity is also considered a covered activity (see Gallagher v Resnick, 107 AD3d at 944; see also Mananghaya v Bronx-Lebanon Hosp. Ctr., 165 AD3d 117, 123, 126).
Here, the plaintiff testified at his deposition that the other tradesperson's Baker scaffold needed to be removed because it was preventing the plaintiff from removing the plaintiff's scaffold in accordance with his employer's instructions. The plaintiff further testified that it was common practice to help workers from other trades disassemble a scaffold if they were unable to do so themselves. Under the circumstances of this case, the fact that the plaintiff's alleged injuries occurred while he was helping another tradesperson disassemble the other tradesperson's scaffold does not preclude the application of Labor Law § 240(1) (see Russo v Van Dale Props., LLC, 200 AD3d 1470, 1471-1472; Crutch v 421 Kent Dev., LLC, 192 AD3d at 980).
The parties also disputed whether the plaintiff's alleged injuries were caused by a qualifying elevation-related hazard. "Labor Law § 240(1) imposes absolute liability on building owners and contractors whose failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents proximately causes injury to a worker on a construction site" (Lemus v New York B Realty Corp., 186 AD3d 1351, 1352 [internal quotation marks omitted]; see Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Hensel v Aviator FSC, Inc., 198 AD3d 884, 886 [internal quotation marks omitted]; see Barrios v 19-19 24th Ave. Co., LLC, 169 AD3d 747, 748). "The [*3]statutory requirement that workers be provided with proper protection extends not only to the hazards of building materials falling, but to the hazards of defective parts of safety devices falling from an elevated level to the ground" (Barrios v 19-19 24th Ave. Co., LLC, 169 AD3d at 748 [alteration and internal quotation marks omitted]; see McCallister v 200 Park, L.P., 92 AD3d 927, 928-929). However, "[t]he statute does not apply to any and all perils connected in some tangential way with the effects of gravity, but rather only applies where the plaintiff's injuries result from an elevation-related risk and the inadequacy of a safety device" (Lemus v New York B Realty Corp., 186 AD3d at 1352; see Parrino v Rauert, 208 AD3d 672, 673). "In determining the applicability of the statute, the single decisive question is whether [the] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Lemus v New York B Realty Corp., 186 AD3d at 1352 [internal quotation marks omitted]; see Carlton v City of New York, 161 AD3d 930, 932).
Here, contrary to the Supreme Court's determination, triable issues of fact exist as to whether the accident flowed directly from the force of gravity, whether the piece of scaffold fell from a physically significant height differential, and whether the alleged defect in the scaffold proximately caused the plaintiff's alleged injuries. The plaintiff provided inconsistent testimony regarding the height of the piece of scaffold prior to its descent, indicating that it could have fallen as little as six inches (see Simmons v City of New York, 165 AD3d 725, 726-727) or as much as approximately six feet (see Cortes v Jing Jeng Hang, 143 AD3d 854, 855). The plaintiff's testimony regarding the descent of the piece of scaffold was also inconsistent. During his deposition, the plaintiff indicated that the piece of scaffold swung and fell downward after the other tradesperson released his grip on the scaffold frame (see McCallister v 200 Park, L.P., 92 AD3d at 928-929; Ray v City of New York, 62 AD3d 591, 591-592). The plaintiff also testified, however, that the scaffold "sprung" from the other tradesperson's hands when he began to lift it, causing it to swing "around" and strike the plaintiff on the head. Under the latter scenario, the plaintiff's alleged injuries would not be covered by Labor Law § 240(1) (see Tsatsakos v Citicorp, 295 AD2d 500, 501; Fills v Merit Oil Corp., 258 AD2d 556, 557). Further, the plaintiff's submissions failed to establish that any alleged defect in the scaffold caused the accident.
In light of the foregoing, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Tishman, and the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against Tishman (see Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623, 625; Carlton v City of New York, 161 AD3d at 932-933). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Tishman, but erred in granting that branch of the defendants' cross-motion which was for summary judgment dismissing that cause of action insofar as asserted against Tishman.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h), which requires that "[e]very scaffold shall be erected and removed under the supervision of a designated person." The plaintiff failed to establish a violation of that Industrial Code provision and that such alleged violation was a proximate cause of his alleged injuries (see Torres v New York City Hous. Auth., 199 AD3d 852, 854). However, the court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.1(h) insofar as asserted against Tishman. The defendants failed to establish that the alleged violation of that Industrial Code provision was not a proximate cause of the plaintiff's alleged injuries (see Debennedetto v Chetrit, 190 AD3d 933, 937).
The Supreme Court also properly denied the plaintiff leave to renew. A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure [*4]to present such facts on the prior motion (see id. § 2221[e][3]; Groman v Fleyshmakher, 221 AD3d 789, 790). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Ok Sun Chong v Scheelje, 218 AD3d 691, 692 [internal quotation marks omitted]; see Seegopaul v MTA Bus Co., 210 AD3d 715, 716). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Ok Sun Chong v Scheelje, 218 AD3d at 692 [internal quotation marks omitted]; see Groman v Fleyshmakher, 221 AD3d at 790; HSBC Bank USA, N.A. v Chapman, 209 AD3d 848, 849). "Although law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse" (Ok Sun Chong v Scheelje, 218 AD3d at 692; see Seegopaul v MTA Bus Co., 210 AD3d at 716). Here, the plaintiff did not provide a reasonable justification for failing to include the affidavit of Keith Gray, an AABCO foreperson, on the plaintiff's original motion (see Groman v Fleyshmakher, 221 AD3d at 790-791; HSBC Bank USA, N.A. v Chapman, 209 AD3d at 849-850). Moreover, the plaintiff could not rely on his second supplemental bill of particulars, which was served after he moved for summary judgment and without leave of court, to "reinstate" a Labor Law § 241(6) cause of action predicated on a violation of 12 NYCRR 23-1.5(c)(3) (see Ciceron v Gulmatico, 220 AD3d 736, 739).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court