■ PHILIP DISTEFANO et al., Appellants, v THERESA SAATCHI et al., Respondents, et al., Defendants. [764 NYS2d 844] —In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered January 18, 2002, which denied their motion for a preliminary injunction and, upon converting the separate cross motions of the defendants Theresa Saatchi and Joseph Melagrano pursuant to CPLR 3211 (a) (1) and (a) (7) to dismiss the complaint insofar as asserted against them to motions for summary judgment pursuant to CPLR 3211 (c), granted summary judgment dismissing the complaint insofar as asserted against those defendants, and (2), an order of the same court entered June 28, 2002, which denied their motion for leave to renew and/or reargue.

Ordered that the appeal from so much of the order entered June 28, 2002, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the appeal from the remainder of the order entered June 28, 2002, is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order entered January 18, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent Joseph Melagrano.

The plaintiffs contend that they acquired title by adverse possession to a strip of land approximately 15 feet wide and 150 to 200 feet long (hereinafter the disputed parcel) running along the northern boundary of their residential property. At the time this action was commenced in October 2001, the property adjoining the plaintiffs' property to the north, including the disputed parcel, was owned by the defendant Theresa Saatchi, and was the subject of a contract of sale to the defendant Joseph Melagrano. The property was subsequently sold by Saatchi to Melagrano.

Upon commencing this action, the plaintiffs moved immediately by order to show cause for injunctive relief. Saatchi and Melagrano separately cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court, after notice to the parties, treated the motions as motions for summary judgment under CPLR 3211 (c), and granted summary judgment dismissing the complaint insofar as asserted against Saatchi and Melagrano.

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must establish, by clear and convincing evidence, "the common-law requirements of hostile possession, under a claim of right, which was actual, open and notorious, and exclusive, and continuous for the statutory period" (*Giannone v Trotwood Corp.*, 266 AD2d 430, 431 [1999]; *see Brand v Prince*, 35 NY2d 634 [1974]). In order to establish possession, that party must produce evidence that the subject premises either were "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]; *see Manhattan School of Music v Solow*, 175 AD2d 106, 107 [1991]).

Saatchi and Melagrano submitted sufficient evidence in admissible form to establish entitlement to judgment as a matter of law dismissing the claim for adverse possession against them (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Rowland v Crystal Bay Constr.*, 301 AD2d 585 [2003]). The plaintiffs failed to produce evidentiary proof sufficient to raise a triable issue of fact as to the usual cultivation and improvement of the disputed parcel for the requisite statutory period (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Manhattan School of Music v Solow, supra*). Therefore, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against Saatchi and Melagrano. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.