Feurderer v Vassar Bros. Med. Ctr. (2020 NY Slip Op 03896)





Feurderer v Vassar Bros. Med. Ctr.


2020 NY Slip Op 03896


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-11735
 (Index No. 30941/13)

[*1]Maxwell Feurderer, appellant, 
v
Vassar Brothers Medical Center, et al., defendants, Jonathan Humphreys, etc., et al., respondents.


James Greenberg, P.C., New York, NY, for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated September 17, 2018. The order denied the plaintiff's motion for leave to renew his opposition to the motion of the defendants Jonathan Humphreys and Hudson Valley Emergency Medicine for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court (W. Gerard Asher, J.) dated June 14, 2017.
ORDERED that the order dated September 17, 2018, is affirmed, with costs.
In September 2012, the defendant Jonathan Humphreys, a physician's assistant employed by the defendant Hudson Valley Emergency Medicine (hereinafter Hudson Valley), treated a laceration on the plaintiff's right hand in the emergency room of the defendant Vassar Brothers Medical Center. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice. Humphreys and Hudson Valley moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion, submitting, inter alia, an affidavit of an orthopedic surgeon. In an order dated June 14, 2017, the Supreme Court granted the summary judgment motion.
The plaintiff moved for leave to renew his opposition to the summary judgment motion. His motion papers included an affidavit of a physician's assistant and an additional affidavit of the same orthopedic surgeon who had prepared the affidavit submitted in opposition to the summary judgment motion. In an order dated September 17, 2018, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), and "may, in the [trial court's] discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Matter of Arline J. [James J.-Falasco], 174 AD3d 604, 607 [internal quotation marks omitted]). However, whether or not the motion is based on facts known to the party seeking renewal at the time of the original motion, the motion "shall contain reasonable justification for the failure [*2]to present such facts on the prior motion" (CPLR 2221[e][3]). A court lacks discretion to grant the motion where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Caronia v Peluso, 170 AD3d 649, 651; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891).
The plaintiff failed to offer a reasonable justification for not presenting the facts contained in the affidavit of the physician's assistant, submitted in support of his motion for leave to renew, in opposition to the summary judgment motion (see CPLR 2221[e][3]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156). Moreover, the retention of an expert not previously utilized is not a proper basis for renewal (see Loverde v Gill, 108 AD3d 748, 748; Burgos v Rateb, 64 AD3d 530, 531). In addition, the plaintiff did not provide a reasonable justification for his failure to present the facts included in the additional affidavit of the orthopedic surgeon, provided with his motion for leave to renew, in opposition to the summary judgment motion. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Bukhtiyarova v Cohen, 172 AD3d at 1155 [internal quotation marks omitted]; see Ramirez v Khan, 60 AD3d 748). In any event, contrary to the plaintiff's contention, consideration of the new facts proffered in the affidavit of the physician's assistant and the additional affidavit of the orthopedic surgeon would not have changed the prior determination (see CPLR 2221[e][2]; Hausen v North Fork Radiology, P.C., 171 AD3d 888, 893).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for leave to renew.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court