Nunez v U.S. Bank N.A.. (2021 NY Slip Op 03190)





Nunez v U.S. Bank N.A..


2021 NY Slip Op 03190


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-03440
2019-12152
 (Index No. 716367/17)

[*1]Pedro Nunez, et al., respondents, 
v
U.S. Bank National Association, etc., et al., appellants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for appellants.
Edwin Arnes Attorney Firm P.C., Fresh Meadows, NY, for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendants appeal from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered February 15, 2019, and (2) an order of the same court entered October 7, 2019. The orders granted the plaintiffs' motion for leave to renew their prior motion for summary judgment on the complaint, which had been denied in an order of the same court dated August 22, 2018, and, upon renewal, in effect, vacated the order dated August 22, 2018, and thereupon granted the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the appeal from the order entered February 15, 2019, is dismissed, as that order was superseded by the order entered October 7, 2019; and it is further,
ORDERED that the order entered October 7, 2019, is modified, on the law, by deleting the provision thereof, upon renewal, in effect, vacating the order dated August 22, 2018, denying the plaintiffs' prior motion for summary judgment on the complaint, and thereupon granting that motion, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated August 22, 2018; as so modified, the order entered October 7, 2019, is affirmed, and the order entered February 15, 2019, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2006, the plaintiffs executed a note and mortgage encumbering real property located in East Elmhurst. On August 3, 2010, the defendants' predecessor in interest, nonparty BAC Home Loans Servicing, LP (hereinafter BAC), commenced an action to foreclose the mortgage. On April 28, 2014, the Supreme Court granted BAC's unopposed motion to discontinue the action and cancel the notice of pendency. Two more actions to foreclose the mortgage were commenced on October 7, 2014, and July 28, 2016, and both actions were dismissed by the court.
In 2017, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage due to expiration of the statute of limitations. The plaintiffs thereafter moved for summary judgment on the complaint. The plaintiffs argued that the statute of [*2]limitations had begun to run when the mortgage debt was accelerated by the commencement of the 2010 foreclosure action, and that, although the defendants could have revoked their optional acceleration, they failed to do so. In an order dated August 22, 2018, the Supreme Court denied the motion, concluding, inter alia, that triable issues of fact existed as to whether the plaintiffs' were entitled to cancellation and discharge of the mortgage because an appeal was then pending from the dismissal of the foreclosure action timely commenced in 2016.
The plaintiffs subsequently moved for leave to renew their motion for summary judgment on the complaint, submitting evidence that the defendants' appeal from the dismissal of the 2016 foreclosure action had since been deemed dismissed. In orders entered February 15, 2019, and October 7, 2019, the Supreme Court granted leave to renew and, upon renewal, in effect, vacated the order dated August 22, 2018, and thereupon granted the plaintiffs' motion for summary judgment on the complaint. The defendants appeal.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs leave to renew their prior motion. In support of the renewal motion, the plaintiffs submitted new evidence, which did not exist at the time the prior motion was decided, and which negated the court's reason for denying the prior motion.
Nevertheless, upon renewal, the Supreme Court should have, for a different reason, adhered to its prior determination denying the plaintiffs' motion for summary judgment on the complaint. "Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; see BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003).
Here, as the defendants do not dispute, an acceleration of the debt occurred in 2010, when BAC commenced the first foreclosure action. However, the plaintiffs, in support of their motion for summary judgment, submitted evidence demonstrating that the 2010 action had been voluntarily discontinued. As recently decided by the Court of Appeals in Freedom Mtge. Corp. v Engel (___ NY3d ___, 2021 NY Slip Op 01090, *2), "where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary." Thus, the plaintiffs' evidence that the debt was accelerated by commencement of the 2010 action, which was later voluntarily discontinued, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see ___ NY3d at ___, 2021 NY Slip Op 01090, *2).
Accordingly, the determination in the order dated August 22, 2018, denying the plaintiffs' motion for summary judgment on the complaint was proper.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court