Tarlo v 270 Fifth St. Corp. (2022 NY Slip Op 00329)





Tarlo v 270 Fifth St. Corp.


2022 NY Slip Op 00329


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2018-07433 
2019-05960
 (Index No. 500146/15)

[*1]Judith Tarlo, et al., appellants,
v
270 Fifth Street Corp., respondent.


Davidoff Hutcher & Citron LLP, New York, NY (Derek Wolman and Andrew K. Rafalaf of counsel), for appellants.
Michael J. Marino, Nyack, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a proprietary lease and breach of the implied warranty of habitability, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 19, 2018, and (2) an order of the same court dated March 16, 2019. The order dated April 19, 2018, granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action and, sua sponte, removed the action to the Civil Court of the City of New York pursuant to CPLR 325(d). The order dated March 16, 2019, denied the plaintiffs' motion for leave to reargue their motion for summary judgment on the complaint and their opposition to the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated March 16, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated April 19, 2018, as, sua sponte, removed the action to the Civil Court of the City of New York pursuant to CPLR 325(d) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated April 19, 2018, is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In February 2012, the plaintiffs purchased a duplex apartment in a residential cooperative building pursuant to a proprietary lease. The building is owned by the defendant and is located in the Park Slope neighborhood of Brooklyn. The lower floor of the duplex lies at least seven feet below grade level. The plaintiffs allegedly experienced incidents of water infiltration in [*2]June 2013 and April 2014, as the apartment took in water on the southeast side of the building. The defendant did not alleviate the water infiltration condition despite the plaintiffs' repeated requests to do so.
In January 2015, the plaintiffs commenced this action, asserting causes of action sounding in breach of the proprietary lease and breach of the implied warranty of habitability, and seeking injunctive relief to compel the defendant to remediate the water infiltration condition. The plaintiffs moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated April 19, 2018, the Supreme Court granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action, which sought injunctive relief, and, pursuant to CPLR 325(d), removed the action, including the determination of the plaintiffs' motion and the remaining branches of the defendant's cross motion, to the Civil Court of the City of New York. The plaintiffs appeal.
We do not reach the plaintiffs' contentions concerning those branches of their motion which were for summary judgment on the first and third causes of action, which alleged breach of the proprietary lease and breach of the implied warranty of habitability, respectively, as those branches of their motion were not addressed by the Supreme Court (see Katz v Katz, 68 AD2d 536, 542-543).
The second cause of action sought injunctive relief, which is a remedy that is contingent upon the merits of the other causes of action that were pleaded in the complaint. If the determination is made that the defendant is responsible for fixing the water infiltration condition under the proprietary lease, an injunction compelling remediation would be a cognizable remedy (see Shapiro v 350 E. 78th St. Tenants Corp., 85 AD3d 601, 602-603). Since the Supreme Court did not determine those branches of the plaintiffs' motion and the defendant's cross motion that were addressed to the first and third causes of action, which alleged breach of the proprietary lease and breach of the implied warranty of habitability, respectively, the determination of that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action seeking injunctive relief was premature, and it was not appropriate to remove the action to the Civil Court.
Accordingly, we reverse the order dated April 19, 2018, and remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs' motion for summary judgment on the complaint and the defendant's cross motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court