MTGLQ Invs., L.P. v Balan (2022 NY Slip Op 01298)





MTGLQ Invs., L.P. v Balan


2022 NY Slip Op 01298


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-09780
 (Index No. 509112/16)

[*1]MTGLQ Investors, L.P., respondent,
v
Micheline Balan, appellant, et al., defendant.


C. Steve Okenwa, P.C., Brooklyn, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista, Leah Lenz, and Ryan Mitola of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Micheline Balan appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 18, 2019. The order denied that defendant's motion, in effect, for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, which branches of the plaintiff's prior motion had been granted in two orders of the same court, both dated October 11, 2018, or, in the alternative, to vacate, in the interests of substantial justice, so much of the orders dated October 11, 2018, as granted those branches of the plaintiff's prior motion.
ORDERED that the order dated July 18, 2019, is affirmed, with costs.
In 2016, Federal National Mortgage Association (hereinafter FNMA) commenced this action against the defendant Micheline Balan (hereinafter the defendant), among others, to foreclose a mortgage on real property. After the defendant joined issue, FNMA moved, inter alia, for leave to amend the caption to substitute MTGLQ Investors, L.P., as the plaintiff, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated October 11, 2018, the Supreme Court granted those branches of the motion. In a second order dated October 11, 2018, the Supreme Court, inter alia, granted the same relief to the plaintiff, and appointed a referee to ascertain and compute the amount due on the note.
The defendant thereafter moved, in effect, for leave to renew her opposition to those branches of FNMA's prior motion which were for summary judgment on the complaint insofar as asserted her, to strike her answer, and for an order of reference, or, in the alternative, to vacate so much of the October 11, 2018 orders as granted those branches of the prior motion in the interests of substantial justice. In an order dated July 18, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
A motion for leave to renew shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination (see CPLR 2221[e][2]). Such a motion shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236, 1237).
Here, the defendant did not provide a reasonable justification for her failure to present the newly proffered facts in her original opposition to FNMA's motion. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew (see Brown Bark I, L.P. v Imperial Dev. and Const. Corp., 65 AD3d 510, 512).
A court may, in its discretion, vacate its own orders "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226). "This discretion is reserved for 'unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891). The instant case does not present such unique or unusual circumstances warranting the invocation of the Supreme Court's inherent power to vacate an order in the interests of substantial justice (see Cox v Marshall, 161 AD3d at 1142; Katz v Marra, 74 AD3d at 891).
The defendant's remaining contention is without merit.
Accordingly, we affirm the order appealed from.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court