Deutsche Bank Natl. Trust Co. v Galloway (2023 NY Slip Op 01077)

Deutsche Bank Natl. Trust Co. v Galloway

2023 NY Slip Op 01077

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12177
 (Index No. 32684/11)

[*1]Deutsche Bank National Trust Company, respondent,
v
Milton D. Galloway, appellant, et al., defendants.

Milton D. Galloway, North Babylon, NY, appellant pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Milton D. Galloway appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 11, 2019. The order denied that defendant's motion for leave to renew his prior motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, which had been denied in an order of the same court dated May 31, 2016.
ORDERED that the order dated September 11, 2019, is affirmed, without costs or disbursements.
On a prior appeal, this Court affirmed an order of the Supreme Court dated May 31, 2016, denying the motion of the defendant Milton D. Galloway (hereinafter the defendant) pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon the defendant's failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him (see Deutsche Bank Natl. Trust Co. v Galloway, 169 AD3d 642). The defendant subsequently moved for leave to renew his prior motion. In an order dated September 11, 2019, the Supreme Court denied the motion. The defendant appeals, and we affirm.
"Pursuant to CPLR 2221, a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and 'shall contain reasonable justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Nunez v U.S. Bank N.A., 194 AD3d 944, 946). "However, the requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made" (Citimortgage, Inc. v Espinal, 136 AD3d 857, 858).
Here, the defendant failed to demonstrate that the new facts offered would have changed the prior determination (see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). Indeed, "leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion" (Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628, 630 [internal quotation marks omitted]; see Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121; Rattner v Fessler, 202 AD3d 1011, 1016; US Bank N.A. v Cooper, 191 AD3d 1035, 1036; Deutsche Bank Natl. Trust Co. v [*2]Galloway, 169 AD3d at 642).
The defendant's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the defendant's motion for leave to renew his prior motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court