Deutsche Bank Natl. Trust Co. v Neuman (2023 NY Slip Op 01662)

Deutsche Bank Natl. Trust Co. v Neuman

2023 NY Slip Op 01662

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-08111
 (Index No. 32882/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Joseph Neuman, et al., defendants, Leah Luria, appellant.

Jeremy Rosenberg, Chestnut Ridge, NY, for appellant.
Houser LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leah Luria appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated September 22, 2020. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate an order of the same court (Thomas E. Walsh II, J.) dated December 5, 2016, an order and judgment of foreclosure and sale (one paper) of the same court dated July 3, 2017, and a notice of sale, and thereupon pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order dated September 22, 2020, is affirmed, with costs.
In January 2004, the defendant Joseph Neuman executed a note in favor of First Financial Equities, Inc. (hereinafter First Financial), promising to repay a loan in the principal sum of $460,000. As security for the note, Neuman executed a mortgage encumbering certain real property located in Monsey. By assignment of mortgage, Mortgage Electronic Registration Systems, Inc., as nominee for First Financial, assigned the mortgage to the plaintiff. In January 2009, Neuman defaulted on his mortgage obligations.
In July 2015, the plaintiff commenced the instant action to foreclose the mortgage against Neuman, among others. It is undisputed that the defendant Leah Luria (hereinafter the defendant) was served with a copy of the summons and complaint, and she failed to appear or answer the complaint. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Neuman, to strike Neuman's answer, for leave to enter a default judgment against the remaining defendants, for an order of reference, and for leave to amend the caption to substitute the defendant in place of "John Doe #1." By order dated December 5, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
The Supreme Court issued an order and judgment of foreclosure and sale dated July 3, 2017. A foreclosure sale was scheduled to be held on October 22, 2019, but the defendant moved by order to show cause dated October 18, 2019, pursuant to CPLR 5015(a) to vacate the order dated December 5, 2016, the order and judgment of foreclosure and sale, and the notice of sale, and [*2]thereupon pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. By order dated September 22, 2020, the court denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's motion which were to vacate the order dated December 5, 2016, the order and judgment of foreclosure and sale, and the notice of sale. CPLR 5015(a) provides that a court "which rendered a judgment or order may relieve a party from it upon such terms as may be just." In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226; Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788). However, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see LaSalle Bank, N.A. v Delice, 175 AD3d 1283). A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where "unique or unusual circumstances . . . warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 719). Here, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Cox v Marshall, 161 AD3d at 1142).
In light of the foregoing, the parties' remaining contentions need not be addressed.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court