Groman v Fleyshmakher (2023 NY Slip Op 05716)

Groman v Fleyshmakher

2023 NY Slip Op 05716

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2020-01035
 (Index No. 523164/18)

[*1]Elliot Groman, et al., respondents, 
v
Alex Fleyshmakher, appellant.

Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for appellant.
Berg & David, PLLC, Brooklyn, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondents.

DECISION & ORDER
In an action to recover on promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 7, 2020. The order, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew his opposition to the plaintiffs' motion for summary judgment in lieu of complaint, which had been granted in an order of the same court dated May 13, 2019.
ORDERED that the order dated January 7, 2020, is affirmed insofar as appealed from, with costs.
On January 13, 2014, and January 1, 2015, the defendant executed promissory notes in favor of the plaintiffs. In November 2018, the plaintiffs commenced this action to recover on the notes by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In an order dated May 13, 2019, the Supreme Court granted the motion for summary judgment in lieu of complaint, determining, inter alia, that the defendant had failed to raise a triable issue of fact with respect to his defense of partial payment by submitting sufficient evidence of payments allegedly made on the notes. The defendant subsequently moved, among other things, for leave to renew his opposition to the plaintiffs' motion. In an order dated January 7, 2020, the court, inter alia, denied that branch of the defendant's motion which was for leave to renew. The defendant appeals.
"Pursuant to CPLR 2221, a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and 'shall contain reasonable justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Deutsche Bank Natl. Trust Co. v Galloway, 214 AD3d 625, 626 [internal quotation marks omitted]; see Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628, 630). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 718; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; Eskenazi v Mackoul, 92 AD3d 828, 829). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for [*2]the failure to submit the information in the first instance" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 674 [internal quotation marks omitted]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 674 [internal quotation marks omitted]; see Carmike Holding I, LLC v Smith, 180 AD3d at 747; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774).
Here, the defendant failed to offer a reasonable justification for failing to present the purported new evidence of repayment, consisting of images of canceled checks from a bank account he controlled, in opposition to the plaintiffs' original motion. Accordingly, the Supreme Court properly denied that branch of his motion which was for leave to renew his opposition to the plaintiffs' motion for summary judgment in lieu of complaint (see MTGLQ Invs., L.P. v Balan, 203 AD3d at 719; Carmike Holding I, LLC v Smith, 180 AD3d at 747; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 775).
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court