Agostinacchio v Jofaz Transp., Inc. (2025 NY Slip Op 02750)

Agostinacchio v Jofaz Transp., Inc.

2025 NY Slip Op 02750

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-07369
2023-10295
 (Index No. 515180/17)

[*1]Frances Agostinacchio, respondent,
v Jofaz Transportation, Inc., et al., appellants.

Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellants.
Elefterakis Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 10, 2023, and (2) an order of the same court (Leon Ruchelsman, J.) dated July 19, 2023. The order dated May 10, 2023, denied the defendants' motion, in effect, pursuant to CPLR 5015(a) to vacate so much of an order of the same court (Lawrence Knipel, J.) dated September 20, 2022, as granted that branch of the plaintiff's unopposed motion which was to preclude the defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion. The order dated July 19, 2023, denied those branches of the defendants' motion which were for leave to reargue and renew their prior motion, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated September 20, 2022, as granted that branch of the plaintiff's unopposed motion which was to preclude the defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion.
ORDERED that the appeal from so much of the order dated July 19, 2023, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 10, 2023, is affirmed; and it is further,
ORDERED that the order dated July 19, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 15, 2017, the plaintiff allegedly was injured when she fell on an ice condition in a parking lot owned by the defendants. In August 2017, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
In March 2022, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the [*2]defendants' answer or to preclude them from presenting any evidence or testifying at trial based upon their failure to timely appear for a deposition. In an order dated April 6, 2022, the Supreme Court granted the plaintiff's motion to the extent of directing the defendants to, among other things, appear for a deposition by May 25, 2022, and that the defendants' failure to comply therewith would result in the defendants being precluded from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion. The defendants failed to appear for a deposition by May 25, 2022. In August 2022, the plaintiff moved, inter alia, to preclude the defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion. The defendants failed to oppose the motion. In an order dated September 20, 2022, the court, among other things, granted that branch of the plaintiff's motion.
In January 2023, the defendants moved, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated September 20, 2022, as granted that branch of the plaintiff's motion which was to preclude the defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion. In an order dated May 10, 2023, the Supreme Court denied the motion. Thereafter, the defendants moved, inter alia, for leave to reargue and renew their prior motion, in effect, pursuant to CPLR 5015(a) to vacate the subject portion of the order dated September 20, 2022. In an order dated July 19, 2023, the court denied those branches of the defendants' motion which were for leave to reargue and renew. The defendants appeal from the orders dated May 10, 2023, and July 19, 2023.
The Supreme Court providently exercised its discretion in denying the defendants' motion, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated September 20, 2022, as granted that branch of the plaintiff's motion which was to preclude the defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion. "A party seeking to vacate an order entered upon his or her default in opposing a motion must submit evidence in admissible form establishing both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 813). "A court 'has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default'" (id. at 814, quoting Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876). "'However, law office failure should not be excused . . . where allegations of law office failure are vague, conclusory, and unsubstantiated'" (id., quoting Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595). Here, the defendants' excuse of law office failure was vague and conclusory, and therefore, insufficient to establish a reasonable excuse for their failure to oppose the plaintiff's August 2022 motion (see U.S. Bank Trust, N.A. v Aulder, 219 AD3d 666, 667; Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677). Since the defendants failed to demonstrate a reasonable excuse for not opposing the motion, it is unnecessary to determine whether they established a potentially meritorious opposition to the motion (see Rudsky v Schechtman, 219 AD3d 1453, 1455).
Furthermore, the Supreme Court properly denied that branch of the defendants' motion which was for leave to renew their prior motion, in effect, pursuant to CPLR 5015(a) to vacate the subject portion of the order dated September 20, 2022. "Pursuant to CPLR 2221, a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and 'shall contain reasonable justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Nunez v U.S. Bank N.A., 194 AD3d 944, 946; see Deutsche Bank Natl. Trust Co. v Galloway, 214 AD3d 625, 626). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Groman v Fleyshmakher, 221 AD3d 789, 790 [internal quotation marks omitted]). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (id. [internal quotation marks omitted]). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (id. [internal quotation marks omitted]). Here, the defendants failed to offer any excuse, let alone a reasonable justification, for failing to submit the purportedly new facts and evidence on their prior motion (see Bockstruck v Town of Islip, 219 AD3d 439, 442-443; Robert v Azoulay Realty Corp., 209 AD3d 781, 786). [*3]Moreover, the defendants failed to demonstrate that the purportedly new facts and evidence provided a basis to change the court's prior determination (see Robert v Azoulay Realty Corp., 209 AD3d at 786; Josovich v Ceylan, 133 AD3d 570, 572).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court