Hooker 11, LLC v Gean (2025 NY Slip Op 03181)

Hooker 11, LLC v Gean

2025 NY Slip Op 03181

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06373
 (Index No. 51280/21)

[*1]Hooker 11, LLC, respondent, 
v
Derek Gean, appellant, et al., defendants.

Derek Gean, Iselin, New Jersey, appellant pro se.
Youngwirth Law PLLC, Poughkeepsie, NY (Brooke D. Youngwirth of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Derek Gean appeals from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated July 12, 2022. The order denied that defendant's motion for leave to renew and reargue his opposition to that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against him, which had been granted in an order of the same court dated March 25, 2022.
ORDERED that the appeal from so much of the order dated July 12, 2022, as denied that branch of the motion of the defendant Derek Gean which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838; DiStefano v Saatchi, 308 AD2d 502, 502); and it is further,
ORDERED that the order dated July 12, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2021, the plaintiff commenced this action against, among others, the defendant Derek Gean (hereinafter the defendant) pursuant to RPAPL article 15 to quiet title to certain real property located in Dutchess County (hereinafter the premises). The amended complaint alleged, inter alia, that the defendant, a prior owner of the premises, had lost the premises by failing to pay taxes to the City of Poughkeepsie, and that the plaintiff purchased the premises from the City and obtained a deed to the premises dated March 3, 2021, and recorded on March 15, 2021. The defendant answered and alleged, among other things, that the notice of tax lien proceeding was sent to the wrong address.
The plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant. In support, the plaintiff submitted, among other things, a deed dated March 3, 2021, reflecting that the acting Treasurer of the City conveyed the premises to the plaintiff, and a Dutchess County Clerk recording page reflecting that the deed was recorded on March 15, 2021. The defendant opposed. In an order dated March 25, 2022, the Supreme Court, [*2]inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the defendant.
Thereafter, the defendant moved, among other things, for leave to renew his opposition to that branch of the plaintiff's motion. In support, the defendant submitted a signed and completed real property assessment complaint for 2017 dated May 16, 2017, which contained a stamp indicating that the complaint was received by the City on May 19, 2017, and an address for the defendant different from the one to which the notice of tax lien proceeding was sent. The defendant also submitted an affidavit from his mother, who averred that an unidentified male officer at the tax assessor's office had told her that the notice of tax lien proceeding sent to the defendant had been returned as undeliverable. In an order dated July 12, 2022, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for leave to renew. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew. Pursuant to CPLR 2221(e)(2), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination." The motion must be supported by a "reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "[T]he Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; see Groman v Fleyshmakher, 221 AD3d 789, 790).
Here, the defendant did not set forth a reasonable justification for his failure to present the documents—the real property assessment complaint for 2017 and his mother's affidavit—in opposition to the plaintiff's original motion. Moreover, the Supreme Court correctly determined that these documents would not have changed the prior determination (see Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 842, 842-843; Hannalyn Realty Co. v McLaughlin, 10 AD3d 409, 409-410).
The defendant's contentions that the Supreme Court erred in initially granting that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against him are not properly before this Court.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court