Green v Hyacinth Green Irrevocable Living Trust (2025 NY Slip Op 04000)

Green v Hyacinth Green Irrevocable Living Trust

2025 NY Slip Op 04000

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-05523
 (Index No. 191/23)

[*1]Nigel P. A. Green, appellant, 
v
Hyacinth Green Irrevocable Living Trust, etc., respondent.

Nigel Green, suing herein as Nigel P. A. Green, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to reform a deed, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 5, 2024. The order denied the plaintiff's motion for leave to reargue and renew his opposition to the defendant's prior motion pursuant to CPLR 3211(a) to dismiss the complaint, which had been granted in an order of the same court dated November 1, 2023.
ORDERED that the appeal from so much of the order dated June 5, 2024, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the order dated June 5, 2024, is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff commenced this action, inter alia, to reform a deed. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated November 1, 2023, the Supreme Court granted the motion.
Thereafter, the plaintiff moved for leave to reargue and renew his opposition to the defendant's prior motion. In an order dated June 5, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Groman v Fleyshmakher, 221 AD3d 789, 790 [internal quotation marks omitted]). Here, the plaintiff failed to present any new facts not offered in opposition to the defendant's prior motion that would have changed the prior determination (see U.S. Bank Trust N.A. v Gordon, 236 AD3d 705, 707; Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's prior motion.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court