Maher v WP Galleria Realty, LP (2025 NY Slip Op 04718)

Maher v WP Galleria Realty, LP

2025 NY Slip Op 04718

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-06287
2024-12369
 (Index No. 59000/20)

[*1]Margaret A. Maher, appellant,
v
WP Galleria Realty, LP, et al., respondents.

George S. Bellantoni, White Plains, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for respondent WP Galleria Realty, LP.
Verdirame & Samurovich (Law Office of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondents Nouveau Elevator Industries, Inc., and Nouveau Elevator Industries, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 8, 2024, and (2) an order of the same court dated October 21, 2024. The order dated May 8, 2024, insofar as appealed from, granted those branches of the separate motions of the defendant WP Galleria Realty, LP, and the defendants Nouveau Elevator Industries, Inc., and Nouveau Elevator Industries, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. The order dated October 21, 2024, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated May 8, 2024, granting those branches of the prior separate motions of the defendant WP Galleria Realty, LP, and the defendants Nouveau Elevator Industries, Inc., and Nouveau Elevator Industries, LLC, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them, and denied that branch of the plaintiff's motion which was for leave to renew her opposition to those branches of the defendants' prior separate motions.
ORDERED that the appeal from the order dated May 8, 2024, is dismissed, as that order was superseded by the order dated October 21, 2024, made upon reargument; and it is further,
ORDERED that the order dated October 21, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants, WP Galleria Realty, LP (hereinafter Galleria), Nouveau Elevator Industries, Inc., and Nouveau Elevator Industries, LLC (hereinafter together the Nouveau defendants), to recover damages for personal injuries she alleged [*2]she sustained when she fell while using an escalator in the Galleria Mall. According to the plaintiff, Galleria owned the mall, and the Nouveau defendants serviced the escalator. Galleria and the Nouveau defendants separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated May 8, 2024 (hereinafter the May 2024 order), the Supreme Court, among other things, granted those branches of the separate motions.
Thereafter, the plaintiff moved for leave to reargue and renew her opposition to those branches of the prior separate motions of Galleria and the Nouveau defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated October 21, 2024, the Supreme Court, inter alia, in effect, upon reargument, adhered to the determination in the May 2024 order granting those branches of the prior separate motions, and denied that branch of the plaintiff's motion which was for leave to renew her opposition to those branches of the prior separate motions. The plaintiff appeals from both orders.
"Pursuant to CPLR 2221, a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and 'shall contain reasonable justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Nunez v U.S. Bank N.A., 194 AD3d 944, 946; see Deutsche Bank Natl. Trust Co. v Galloway, 214 AD3d 625, 626). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Groman v Fleyshmakher, 221 AD3d 789, 790 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 718-719). Here, the plaintiff's proffered reasonable justification for her failure to present an additional expert affidavit was not reasonable and, in any event, that expert affidavit would not have changed the prior determination (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Feurderer v Vassar Bros. Med. Ctr., 185 AD3d 789, 791).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to those branches of the prior separate motions of Galleria and the Nouveau defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703). Here, Galleria established, prima facie, that the escalator was not in violation of any applicable statutes or regulations, that it maintained the escalator in a reasonably safe condition, and that it had no actual or constructive notice of any defective condition (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764; Gaither-Angus v Adelphi Univ., 180 AD3d 875, 876). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to that branch of the Nouveau defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, "[a]n escalator company that agrees to maintain an escalator in safe operating condition 'can be held liable to an injured passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found'" (Morrison v Long Is. R.R., 233 AD3d 1008, 1010, quoting Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229; see Ramjohn v Port Auth. of N.Y. & N.J., 151 AD3d 1090, 1091-1092). Here, the Nouveau defendants' submissions demonstrated, prima facie, that the escalator was regularly inspected and maintained, that they did not have notice of any defect in the escalator, and that they did not fail to use reasonable care to correct a condition about which they should have been aware (see Jackson v Schindler El. Corp., 236 AD3d 769, 770; Barcliff v Schindler El. Corp., 197 AD3d at 1229). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the [*3]determination in the May 2024 order granting those branches of the prior separate motions of Galleria and the Nouveau defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court