Tapia v Van Rossum

2026 NY Slip Op 02431

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Amparo Tapia, appellant,

v

Olson E. Van Rossum, et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-10982, (Index No. 509813/20)

Betsy Barros, J.P.

Cheryl E. Chambers

Linda Christopher

James P. McCormack, JJ.

Victoria Wickman (Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for appellant.

Nancy L. Isserlis (The Zweig Law Firm P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for respondent Olson E. Van Rossum.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Julia Audibert of counsel), for respondents Uber Technologies, Inc., and Uber USA, LLC.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated September 5, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her motion for summary judgment on the issue of liability against the defendant Olson E. Van Rossum, which had been denied in an order of the same court (Delores J. Thomas, J.) dated July 21, 2023, and, upon reargument, adhered to the original determination in the order dated July 21, 2023.

ORDERED that the order dated September 5, 2024, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action against, among others, the defendant Olson E. Van Rossum (hereinafter the defendant) to recover damages for personal injuries that she allegedly sustained when she was struck by the defendant's vehicle as she was crossing a street. The plaintiff moved for summary judgment on the issue of liability against the defendant. In an order dated July 21, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff subsequently moved for leave to renew and reargue her motion for summary judgment on the issue of liability against the defendant. In an order dated September 5, 2024, the court denied that branch of the plaintiff's motion which was for leave to renew, granted that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, adhered to its original determination. The plaintiff appeals.

A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]; Groman v Fleyshmakher, 221 AD3d 789, 790). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Ok Sun Chong v Scheelje, 218 AD3d 691, 692 [internal quotation marks omitted]; see Seegopaul v MTA Bus Co., 210 [*2]AD3d 715, 716). Here, the plaintiff failed to offer a reasonable justification for not including the purported new evidence in support of her original motion, and accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew (see Groman v Fleyshmakher, 221 AD3d at 790; Ok Sun Chong v Scheelje, 218 AD3d at 692).

Upon reargument, the Supreme Court properly adhered to its original determination denying the plaintiff's motion for summary judgment on the issue of liability against the defendant. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Valerio v City of New York, 238 AD3d 943, 944 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d at 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034).

Here, the evidence submitted by the plaintiff in support of her motion for summary judgment failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against the defendant (see Gomez v City of New York, 186 AD3d 1494, 1495). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying the plaintiff's motion for summary judgment on the issue of liability against the defendant regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

The parties' remaining contentions are either without merit or not properly before this Court.

BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court